**LI XIANG TANG, Ho Chen, Petitioners,**

v.

**Alberto GONZALES, Attorney General of Department of Justice, Michael Chertoff, Secretary of Department of Homeland Security, Respondents.**

No. 06–3267–ag.

United States Court of Appeals, Second Circuit.

Jan. 25, 2007.

Henry N. Diaz, New York, NY, for Petitioners.

Craig S. Morford, United States Attorney for the Middle District of Tennessee, Byron M. Jones, Assistant United States Attorney, Nashville, TN, for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Li Xiang Tang and Ho Chen, citizens of China, seek review of a June 12, 2006 decision of the BIA affirming the March 8, 2005 decision of immigration judge ("IJ") Sandy K. Hom denying Tang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), in which her son, Ho Chen, was named as a derivative beneficiary. *In re Li Xiang Tang and Hao Chen,* Nos. A95 660 278 and A95 660 279 (B.I.A. June 12, 2006), *aff'g* A95 660 278 and A95 660 279 (Immig. Ct. N.Y. City March 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of*

*Justice,* 426 F.3d 520, 522 (2d Cir.2005).[1] This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See also Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ We grant the petition for review as it relates to Tang's claim for asylum and withholding of removal. The IJ denied this relief because he found Tang not credible based almost exclusively on "significant inconsistencies" between her version of events and her husband's written application for asylum and withholding of removal.[2] These inconsistencies included (1) that Tang stated that she was forced to have one abortion while her husband claimed she had two, (2) that Tang stated that she had an IUD inserted and removed while her husband claimed that she was sterilized, and (3) that Tang's husband claimed that he and Tang were arrested as a result of his mother's practice of Falun Gong, while Tang denied this story. In reaching his adverse credibility finding, the IJ concluded that "the only plausible explanation that could be derived by the Court with regard to these inconsistent claims ... is that these claims are totally made up." We cannot agree with this reasoning.

In *Bao Zhu Zhu v. Gonzales,* 460 F.3d 426, 431 (2d Cir.2006), we found that an IJ's adverse credibility finding was not supported by substantial evidence where it relied predominantly on multiple inconsistencies between the petitioner's testimony and her husband's written application and asylum interview. The Court found it both "speculative" and "arbitrary" for the IJ to find, on one hand, that the discrepancies were "so significant that they strongly suggest that someone here is not telling

1. Here, the BIA adopted the IJ's decision in all respects except for the IJ's conclusion that Tang's application for asylum, withholding, and CAT relief was filed frivolously. *See* 8 U.S.C. § 1158(d)(6) ("If the Attorney General determines that an alien has knowingly made a frivolous application for asylum ... the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application."). Because neither party challenges the BIA's frivolousness determination, on remand we leave that finding undisturbed.

2. In her brief to this Court, Tang argues that the IJ erred by admitting her husband's written application into evidence in the first instance because doing so violated the confidentiality provisions of 8 C.F.R. § 1208.6. This argument is unavailing. While section

1208.6(a) prohibits the disclosure of "[i]nformation contained in or pertaining to any asylum application," as the BIA noted in its decision, that regulation explicitly allows disclosure to "[a]ny United States Government official or contractor having a need to examine information in connection with the adjudication of asylum applications." 8 C.F.R. § 1208.6(c)(1). Because Tang's husband's application was disclosed in connection with the adjudication of Tang's asylum application, such disclosure did not violate 8 C.F.R. § 1208.6(a). *But see Zhen Nan Lin v. Dep't of Justice,* 459 F.3d 255 (2d Cir.2006) (finding that the government violated the confidentiality guarantees of 8 C.F.R. § 208.6 where it potentially disclosed to the Chinese government the existence of a Chinese citizen's application for asylum).

the truth," and, on the other hand, that the husband would have "no reason to lie or make up [his] claim." *Id.* In short, we rejected the IJ's decision insofar as it found that the petitioner's version of events was fabricated while her husband's was truthful.

Here, the government argues that *Bao Zhu Zhu* is distinguishable because while in that case the IJ chose to accept the husband's version of events over his wife's, here "[i]t is clear that the IJ considered the statements of both the husband and wife incredible." This attempt to distinguish *Bao Zhu Zhu* is unpersuasive. As in *Bao Zhu Zhu*, the IJ failed to address the possibility that Tang's husband exaggerated his claim to better his chances of being granted asylum or acknowledge his clear motivations for doing so. This was arbitrary decision making. *See id.* at 432–33 (finding that the IJ engaged in arbitrary decision making where he "never adequately confronted the fact that ... [petitioner's husband] had self-evident motives to invent or enhance events"). We further note that, as in *Bao Zhu Zhu*, Tang did not attempt to explain away the discrepant versions of events, choosing to stand by her own version and stating repeatedly that she did not know why her husband had told a different story. *See id.* at 432. As such, to the extent that the IJ's adverse credibility finding relied on discrepancies between Tang's testimony and written application and her husband's written application, it was not supported by substantial evidence.

■ Moreover, the IJ's credibility findings that were unrelated to the inconsistencies between Tang's version of events and her husband's were similarly unsupported by substantial evidence. In reaching his adverse credibility finding, the IJ stated that "respondent's presentation" on various issues was "fraught with inconsistencies." However, he did not address these inconsistencies in any further detail. In order to meet the substantial evidence standard, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal citations omitted). Here, the IJ's generalized assertion of "inconsistencies" is not a specific or cogent reason for reaching an adverse credibility finding and is not sufficiently articulate to permit meaningful review by this Court. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 (2d Cir.2006). Accordingly, those finding were not supported by substantial evidence.

■ To the extent that the IJ's denial of asylum and withholding of removal was based entirely on his erroneous adverse credibility finding, the denial of that relief was not supported by substantial evidence. Nor is this a case where remand would be futile because it is entirely unclear whether the IJ would reach the same decision again absent his erroneous adverse credibility finding. *See Xiao Ji Chen,* 434 F.3d at 158. Accordingly, we grant the petition for review as to Tang's asylum and withholding claims. However, because Tang failed to present any argument regarding her CAT claim in her brief to this Court, that claim is deemed waived and we deny the petition for review to that extent. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is GRANTED in part, and DENIED in part, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of

38

removal in this petition is DENIED as moot.