11-3143
Tang v. Holder

BIA
Hom, IJ
A095 660 278
A095 660 279

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

LI XIANG TANG, HAO CHEN,
> *Petitioners,*

v.                                          11-3143
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:       Bruno Joseph Bembi, Hempstead, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Luis E. Perez, Senior Litigation
                       Counsel; Kathryn L. Moore, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Li Xiang Tang and Hao Chen, natives and citizens of the People's Republic of China, seek review of a July 12, 2011, decision of the BIA affirming the June 2, 2009, decision of an Immigration Judge ("IJ") denying Tang's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Li Xiang Tang, Hao Chen*, Nos. A095 660 278/279 (B.I.A. July, 12, 2011), aff'g No. A095 660 278/279 (Immig. Ct. N.Y. City June 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Tang argues that, on remand from our prior decision in these proceedings, *see Li Xiang Tang v. Gonzales*, 215 F. App'x

2

34 (2d Cir. 2007) (unpublished decision), the agency impermissibly addressed her credibility, because this issue was outside the scope of this Court's remand order. This argument is without merit. Our order neither deemed Tang credible nor foreclosed further review of her credibility. *See Guan v. INS*, 453 F.3d 129, 136 (2d Cir. 2006) ("[W]hen we find fault with an adverse credibility finding, we will not substitute our own judgment for the agency's, but ordinarily will remand to the agency for additional explanation or investigation.").

Substantial evidence supports the agency's conclusion that Tang did not testify credibly regarding her forced abortion. The agency's adverse credibility determination was supported by two specific inconsistencies in Tang's account of her alleged persecution. First, Tang testified inconsistently with respect to where she was when Chinese government family planning officials allegedly apprehended her in order to administer a forced abortion in June 2000. *Compare* Certified Administrative Record at 471 (Tang testifying that she was at her mother's home when family planning officials apprehended her) *with id*. at 478-79 (Tang testifying that she was at her own home when she was apprehended). Second, Tang's testimony

3

regarding how family planning officials learned of her unlawful pregnancy was inconsistent with her written statement. *Compare id.* at 471, 479 (Tang testifying that someone reported her pregnancy to the officials) *with id.* at 644 (Tang's statement that family planning officials came looking for her when she failed to report to an appointment to have an IUD inserted). When confronted with this inconsistency on cross-examination, Tang failed to offer any explanation. *See id.* at 479-80.

Tang also argues that, because the IJ gave the testimony of her husband, Yong Chai Chen ("Chen"), little weight, the IJ erred in relying on his testimony to find Tang not credible. This argument, however, misapprehends the IJ's discussion of Chen's testimony. The IJ did not rely on inconsistencies between Chen's testimony and Tang's testimony and evidence to find Tang not credible. Rather, because the IJ determined that Chen's testimony was not credible, the IJ declined to rely on it to support Tang's claims. *See id.* at 58-60.

Finally, Tang argues that the IJ erred in finding that she had provided insufficient evidence to support her claim that she feared the Chinese government would forcibly sterilize her if she returned to China because she now has two

children.  However, Tang did not raise this issue before the BIA.  In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court.  *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).  While not jurisdictional, this judicially imposed exhaustion requirement is mandatory.  *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).  Because the BIA did not have the benefit of argument challenging the IJ's conclusion on this issue, *see id.* at 107 n.1, 122 (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision"), we decline to consider this unexhausted issue, *see id.* at 107 n.1(b) ("Even if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5